IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Timothy John Duvall, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:11-577-RMG |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner ) | **ORDER** |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court on an appeal from the denial of Disability Insurance Benefits and Supplemental Security Income by the Commissioner of the Social Security Administration brought pursuant to 42 U.S.C. § 405(g) and 5 U.S.C. § 706. In accord with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation on April 19, 2012 recommending that the Commissioner's decision be reversed and remanded. (Dkt. No. 25). The Commissioner did not file an objection to the Magistrate Judge's Report and Recommendation. (Dkt. No. 27). As discussed further below, the Court adopts the Report and Recommendation of the Magistrate Judge and reverses and remands the decision of the Commissioner.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* review of those portions of the Report and Recommendation to which specific objection is made. The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The Court is not required to "review [the] magistrate's factual or legal conclusions, under *de novo* review or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## Discussion

In this matter before the Court, Plaintiff asserted that the Administrative Law Judge (ALJ) failed to consider the combined effects of his spinal abnormalities, which the ALJ found to be "severe", and his diagnosis of depression. The Magistrate Judge noted in her Report and Recommendation that while the ALJ performed an "in-turn consideration of [the Plaintiff's] multiple impairments", he did not adequately consider the combined effects of these conditions, as mandated by *Walker v. Bowen*, 889 F.2d 47, 49-50 (4th Cir. 1989). (Dkt. No. 25 at 13-16). On this basis, the Magistrate Judge recommended the decision of the Commissioner be reversed and remanded. The Commissioner has filed no objection to this recommendation.

The Court has reviewed the ALJ's decision, the full record in this matter, the Report and Recommendation, and the applicable case. The Court finds much merit in the Magistrate Judge's Report and Recommendation and hereby **ADOPTS** it as the Order of the Court. The decision of the Commissioner is hereby **REVERSED** and **REMANDED** pursuant to Sentence Four of 42 U.S.C. § 405(g) for further action consistent with this Order.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
May 8, 2012