IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy John Duvall,<br><br>Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>Defendant. | Civil Action No. 5:11-577-RMG<br><br>**ORDER** |

This matter comes before the Court on Plaintiff's motion for approval of an attorney's fee pursuant to 42 U.S.C. § 406(b)(1)(A) in the amount of $12,544.00, which is in accord with a 25% contingency fee contract entered into by Plaintiff and his counsel. (Dkt. No. 36-1). By way of background, Plaintiff seeks approval of fees for his counsel's legal services rendered in a successful appeal of a denial of Social Security disability benefits which resulted in a total recovery of $50,176.00 in back benefits and the payment of ongoing disability benefits. Plaintiff's counsel, a highly experienced and able Social Security disability specialist, undertook this representation on a contingency fee basis, recognizing that she might well receive no compensation for her efforts should Plaintiff not prevail following his unsuccessful application for benefits within the agency. Defendant asserts that, while not opposing the motion, the Court should "carefully consider whether the fee requested results in a windfall to Plaintiff's counsel." (Dkt. No. 39 at 2).

It is well settled that contingency fees are an entirely proper and customary method of attorney compensation in Social Security matters and play an important role in assisting needy

-1-

persons in obtaining legal representation when denied Social Security benefits. 42 U.S.C. § 406(a)(2)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002). The Court has a duty to review the reasonableness of the proposed fee "based on the character of the representation and the results the representation achieved" and consider whether Plaintiff's counsel would reap a windfall from the proposed fee. *Gisbrecht*, 535 U.S. at 808. In considering the reasonableness of a proposed contingency fee, the district court, utilizing the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) abrogated by *Blanchard v. Bergeron*, 489 U.S. 87 (1989), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), and *Allen v. United States*, 606 F.2d 432, 436 n.1 (4th Cir. 1979), should give proper weight to the contingent nature of the fee and the important role the contingency fee method of compensation plays in affording legal representation to needy persons. *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 245-46 (4th Cir. 2010). Other important factors to consider when analyzing the *Johnson* factors include the award involved and the results obtained. *Id.* at 247. If the fee approved for Plaintiff's counsel was limited to the hourly rate an attorney could earn without the risk of a contingency fee, as seemingly argued by Defendant, "plaintiffs may find it difficult to obtain representation." *Id.* at 246.

Having considered all of the *Johnson* and *Gisbrecht* factors, the Court finds that the proposed contingency fee of $12,544.00 is reasonable. Plaintiff's counsel obtained an outstanding result for her client in an efficient and effective manner, reversing a long and unsuccessful effort to obtain disability benefits within the Defendant's agency. While the hourly rate sought of $972.00 is a generous result here, a longer and more drawn out process could have produced a small hourly rate or no fee at all. Plaintiff's counsel took that risk and the fee

approved recognizes and respects the contingent nature of the fee and honors the contract between Plaintiff and his counsel.[1] The Court notes other district courts have approved contingency fees in the same hourly rate range in successful Social Security disability appeals. *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D.W. Va. 2003) (approving contingency fee with hourly rate of $1,433.12); *Brown v. Barnhardt*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (approving contingency fee with hourly rate of $977.19).

Therefore, the Court grant's Plaintiff's motion to approve a fee in the amount of $12,544.00 pursuant to 42 U.S.C. § 406(b). (Dkt. No. 36). The Court declines to impose any particular deadline on the issuance of the amount approved but directs Defendant to act in a reasonably prompt and expeditious manner.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court

September 3 2, 2013
Charleston, South Carolina

---

[1] Defendant questioned whether the amount the Court previously awarded under the Equal Access to Justice Act in this matter was actually diverted to satisfy an outstanding child support award, as represented by Plaintiff's counsel. (Dkt. No. 36-1 at 3; Dkt. No. 39 at 1, 2). Plaintiff provided ample evidence in reply demonstrating the truthfulness of that representation. (Dkt. No. 41-1). Perhaps in the future, before Defendant's counsel challenges without any factual support the honesty and integrity of opposing counsel, she might make some independent inquiry before raising the issue before the Court. A simple phone call to Plaintiff's counsel could have avoided the unnecessary and groundless challenge to her integrity.